# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEPHAN M. KLATT,

    Petitioner,

v.                                        Case No. 08-C-459

BRADLEY HOMPE
Warden, Stanley Correctional
Institution,

    Respondent.

## **ORDER**

    The pro se petitioner, Stephan M. Klatt, a Wisconsin state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 18, 2009, this court issued a decision and order denying the petitioner's petition for a writ of habeas corpus. On June 4, 2009, the petitioner filed a notice of appeal. By order dated October 5, 2009, the court determined that a certificate of appealability should not issue as to any of his claims. Currently before the court is the petitioner's motion to proceed in forma pauperis on appeal.

    Although the court determined that a certificate of appealability should not issue, that does not preclude the court from granting the plaintiff's request for leave to proceed in forma pauperis on appeal. The standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether to grant a request for in forma pauperis status. Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000). It is more demanding. Id. The

petitioner requests in forma pauperis status so that he may avoid paying the appellate filing fee of $455.00.

Section 1915(a)(1) of Title 28, United States Code, authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a listing of all assets he possesses and a statement that he is unable to pay the appellate filing fee. In deciding whether to grant the petitioner's request for leave in forma pauperis on appeal, the court must determine whether the petitioner's appeal is in good faith. See 28 U.S.C. § 1915(a)(3). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker, 216 F.3d at 632. An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 [1967]); see also, Coppedge v. United States, 369 U.S. 438, 445 (1962). The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988).

In this case, it appears that the petitioner's arguments are not so baseless that they would be dismissed as frivolous without further consideration. Thus, as far as § 1915(a)(3) is concerned, he should be allowed to proceed. In this case, it appears that the petitioner's arguments are not so baseless that they would be dismissed as frivolous without further consideration. Thus, as far as § 1915(a)(3) is concerned, he should be allowed to proceed. The petitioner's "Trust Account Activity Statement" for the last six months indicates that he receives, on average, approximately $42.40 per month from his employment at the prison. It

also indicates that over the last six months he received $160.00 from mail room receipts. His average monthly deposits equal $63.97.

One need not be completely destitute in order to proceed in forma pauperis under § 1915. An affidavit demonstrating that a person cannot, because of his poverty, provide himself with the necessities of life is sufficient. Dotson v. Blood Center of Southeastern Wisconsin, 988 F. Supp. 1216, 1219 (E.D. Wis. 1998). As the petitioner is incarcerated, his "necessities of life" are provided for him already, making the money coming into his account available for discretionary things, including court fees. Nevertheless, the petitioner does not have the money necessary to pay the appellate filing fee of $455.00. Accordingly, the petitioner's motion to proceed in forma pauperis on appeal will be granted.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion for in forma pauperis on appeal be and hereby is **granted.**

Dated at Milwaukee, Wisconsin this 29th day of October, 2009.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge
